AO 106 (Rev. 04/10) Application for a Search Warrant

# UNITED STATES DISTRICT COURT

for the
District of Kansas

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched*<br>*or identify the person by name and address)*<br>a black T-Mobile cellular device, currently in possession of the ATF as further<br>described in attachment A. | )<br>)<br>)   Case No.  21-M-6120-01-KGG<br>)<br>)<br>) |

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

a black T-Mobile cellular device, currently in possession of the ATF as further described in attachment A.

located in the _____ District of _____Kansas_____ , there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;

☑ contraband, fruits of crime, or other items illegally possessed;

☑ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| *Code Section* | *Offense Description* |
|---|---|
| 21 U.S.C. § 841(a)(1) | possession with intent to distribute and distribution of a controlled substance |

The application is based on these facts:

See Attached Affidavit of Probable Cause.

☑ Continued on the attached sheet.

☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
*Applicant's signature*

Brett T. Watterson, Special Agent, ATF
*Printed name and title*

Attested to by the Affiant, in accordance with the requirements of Fed.R.Crim.P. 41(d)(3), by telephone or other reliable electronic means, to wit:  telephone conferencing on July 14, 2021.

Date:  **Jul 14, 2021**

_____
*Judge's signature*

City and state:  Wichita, KS

U.S. Magistrate Judge, Kenneth G. Gale
*Printed name and title*

ATTACHMENT A

A.  The property to be searched is a cellular phone. Specifically, a black T-Mobile cellular device. Including any SIM card or other removable memory, if applicable. The cellular device was seized from Bambidele OGUNBIYI on or about May 25, 2021, while being detained for an outstanding arrest warrant. The device is black in color and has a red button on one side. The device was seized with a black case. The number sequence "IMEI 015734002814926" appear on the back side of the device. This device is currently in ATF custody.



ATTACHMENT B

A.     All digital or electronic information stored inside the cellular telephones would reveal evidence of drug trafficking, including, but not limited to, any and all names and/or aliases, addresses, telephone numbers, stored images, and/or other information, which identifies possible associates and/or co-conspirators;

B.     All digital or electronic information stored inside the cellular telephones would reveal evidence of drug trafficking, including, but not limited to, any and all names and/or aliases, addresses, telephone numbers, dates of calls, times of calls, and/or duration of calls, which identifies calls made to and/or from;

C.     All digital or electronic information stored inside the cellular telephones would reveal evidence of drug trafficking, including but not limited to, any and all stored voice mail, text messages, and/or e-mails;

D.     All digital or electronic information stored inside the cellular telephone would reveal evidence of drug trafficking, including, but not limited to, any and all stored images, photos, videos, and pictures;

E.     All digital or electronic information stored inside the cellular telephone would constitute indicia of ownership and/or use of such devices.

## AFFIDAVIT
## IN SUPPORT OF APPLICATION FOR SEARCH WARRANT

I, Brett T. Watterson, (here-in-after known as Affiant) being duly sworn, declare and state:

### INTRODUCTION

1.     Your Affiant has been employed by ATF since 2008 and a Special Agent since 2013.  Your Affiant is currently assigned to the Wichita Field Office (Wichita, KS).  As a Special Agent with ATF, your Affiant attended the Criminal Investigator Training program at the Federal Law Enforcement Training Center in Brunswick, GA.  Your Affiant is also a graduate of the ATF Special Agent Basic Training course.  Moreover, your Affiant has completed multiple ATF Advanced Investigative Techniques programs.  Prior to becoming an ATF Agent, your Affiant served as an Industry Operations Investigator for the bureau.  Currently, your Affiant is a part-time member of the Special Response Team and serves as a Team Leader for the Crisis Negotiation Program.  As a Special Agent with ATF your Affiant has received training in arson, explosives, firearms, tobacco, violent crime, gang related investigation and drug trafficking investigations.  Moreover, your Affiant has conducted and/or participated in investigations involving, explosives, firearms, controlled substances, and violent crimes.  Throughout multiple investigations, your Affiant has utilized confidential informants to obtain information and evidence, conducted interviews of suspects and witnesses, written, and executed state/federal search warrants, and authored/executed state/federal arrest warrants.  Your Affiant has conducted and/or participated in investigations resulting in the seizure of contraband, currency, vehicles, and other evidentiary items related to narcotics and violent crime.  Your Affiant has a Bachelor of Science in Criminal

Justice from the University of Missouri Central and a Master of Science in Forensic Science from the University of New Haven.

2.      Your Affiant is an investigative or law officer of the United States, within the meaning of Section 2510(7) of Title 18, United States Code, that is, an officer of the United States empowered by law to conduct investigations of and to make arrests for offenses enumerated in Section 2516, Title 18, United States Code.

## PURPOSE OF AFFIDAVIT

3.      Based on my training and experience and the facts as set forth in this affidavit, there is probable cause to believe that violations of the Controlled Substances Act, including Title 21, United States Code, Section 841 (possession with intent to distribute and distribution of a controlled substance) have been and/or are being committed by Bambidele OGUNBIYI and others. The information provided in this affidavit is based on my personal knowledge and observations, as well as information I have received from other law enforcement officers. This affidavit is being submitted for the limited purpose of obtaining judicial authorization for the issuance of a search warrant, pursuant to Rule 41 of the Federal Rules of Criminal Procedure, for the item described below. As described in this affidavit, the below-listed item was seized on May 25, 2021 from Bambidele OGUNBIYI. Every fact known concerning this investigation has not been included. I have set forth only those facts that I believe are necessary to establish probable cause for an application authorizing a search warrant for the following device:

**A black T-Mobile cellular device.  Including any SIM card or other removable memory, if applicable.**

2

## CELLULAR TELEPHONE TO BE SEARCHED

4.       The property to be searched is a cellular phone. Specifically, a black T-Mobile cellular device. Including any SIM card or other removable memory, if applicable. The cellular device was seized from Bambidele OGUNBIYI on or about May 25, 2021, while being detained for an outstanding arrest warrant. The device is black in color and has a red button on one side. The device was seized with a black case. The number sequence "IMEI 015734002814926" appear on the back side of the device. This device is currently in ATF custody.

## ITEMS TO BE SEIZED

5.       The items/information to be seized from the device described above and in **Attachment A**, which constitute the fruits, instrumentalities, and evidence of possession with intent to distribute and distribution of a controlled substance in violation 21 U.S.C. § 841(a)(1); include the items/information listed in **Attachment B**, which is incorporated herein and attached hereto.

6.       All digital or electronic information stored inside the cellular telephone would reveal evidence of drug trafficking, including, but not limited to, any and all names and/or aliases, addresses, telephone numbers, stored images, and/or other information, which identifies possible associates and/or co-conspirators;

7.       All digital or electronic information stored inside the cellular telephone would reveal evidence of drug trafficking, including, but not limited to, any and all names and/or aliases, addresses, telephone numbers, dates of calls, times of calls, and/or duration of calls, which identifies calls made to and/or from;

8. All digital or electronic information stored inside the cellular telephone would reveal evidence of drug trafficking, including but not limited to, any and all stored voice mail, text messages, and/or e-mails;

9. All digital or electronic information stored inside the cellular telephone would reveal evidence of drug trafficking, including, but not limited to, any and all stored images, photos, videos, and pictures;

10. All digital or electronic information stored inside the cellular telephone would constitute indicia of ownership and/or use of such devices.

## PROBABLE CAUSE

11. The information contained within this affidavit is known through speaking with agents, investigators and other law enforcement professionals involved in this investigation. From reviewing written reports regarding this investigation, and from my personal involvement in this investigation. Some of the details are relied upon from fellow law enforcement personnel, as conveyed through both verbal and written reports. The Affiant knows the following:

### ATF 779060-19-0169 / 5/16/19 / Controlled Purchase of Methamphetamine.

12. On or about 5/16/19, ATF conducted a covert operation which included the utilization of an undercover agent. Bambidele OGUNBIYI was contacted on his cellular device to arrange the procurement of methamphetamine. OGUNBIYI agreed to exchange methamphetamine for U.S. Currency. On this date OGUNBIYI arrived at a predetermined location and distributed approximately 113 grams of methamphetamine for $950. The funds were provided to OGUNBIYI and the narcotics were remanded to ATF custody. The event was audio/video recorded and observed by multiple law enforcement personnel. The suspected narcotics were subsequently lab tested and confirmed positive for methamphetamine.

**Sedgwick County Sheriff / 20S011750   /   12/16/2020   /   Controlled Buy**

13.     Sedgwick County Sheriff's Office, Detective (Det.) Headings, contacted Crystal DUNCAN, who resides with OGUNBIYI. Det. Headings witnessed that DUNCAN had posted approximately 100 suspected counterfeit OxyContin pills containing fentanyl (on 12/04/2020). DUNCAN's Snapchat name indicated "cc_duncan2020." Det. Headings had messaged her on Snapchat and inquired about buying 100 of these pills. DUNCAN initially said it would be $800.00. Det. Headings sent a message to DUNCAN to provide her with a cellular telephone number for her to text because it appeared that she was not on Snapchat frequently. DUNCAN contacted the provided number on 12/15/2020 and identified herself as "CC," which is on her Snapchat name and Facebook name. DUNCAN only utilized the phone number "316-553-9854." All communications regarding the sale of controlled substances were conducted via cellular telephone calls and texts. On 12/16/20, DUNCAN said that she would have to have at least $1000.00 for the pills.

14.     Det. Headings arrived at QuikTrip, 324 S West St, Wichita, Sedgwick County, Kansas, at approximately 1215 hours and parked on the north end of the lot near the building. At 1224, a silver or tan Cadillac arrived and parked in the stall to the north. Det. Headings exited his vehicle and entered the passenger seat of the Cadillac. Det. Headings positively identify the driver as Crystal DUNCAN. DUNCAN pulled a clear bag out of her purse that contained blue pills. Det. Headings exchanged $1,000.00 of US Currency for the pills while seated in her passenger seat. Following the encounter, DUNCAN was surveilled to 141 S Custer in Wichita, KS. Thereafter, a "TruNarc" test confirmed a positive result for a controlled substance. At this juncture, Detectives arranged for a covert camera to be placed in near proximity to 141 S Custer on 12/23/2020.

**Sedgwick County Sheriff / 20S011994   /   12/24/2020   /   Trash Pull**

15.     On 12/24/2020, at approximately 0500, a trash pull was conducted at 141 S Custer, Wichita, Sedgwick County, Kansas. Det. Headings believed that Crystal DUNCAN and Bamidele OGUNBIYI (AKA "Bambi") may reside at this location. In the trash, Det. Jausel located a gallon zip lock plastic bag with a large quantity of methamphetamine residue, estimated to be about 1 gram or more. Det. Headings tested the meth using a Nark II test kit. The test confirmed the presence of methamphetamine/amphetamine. Det. Jausel also found plastic bags with torn corners ("Corner tear" bags). "Corner tear" bags refer to how drugs are placed in plastic sandwich bags, tied, and torn away from the rest of the bag.

**Sedgwick County Sheriff / 20S012117   /   12/29/2020   /   Controlled Buy**

16.     Det. Headings arrived at QuikTrip, 324 S West St, Wichita, Sedgwick County, Kansas, at approximately 1205 hours and parked on the north end of the lot near the building. Around 1210, a silver or tan Cadillac arrived and parked in the stall. Det. Headings exited his vehicle and entered the passenger seat of the Cadillac and positively identify the driver as Crystal DUNCAN. Crystal DUNCAN handed a clear bag of blue pills to Det. Headings in exchanged for $1,000.00 of US Currency. Det. Headings utilized cellular telephone / device communications to arrange the transaction.

**Sedgwick County Sheriff / 21S000235   /   01/08/2021   /   Controlled Buy**

17.     On or about 01/08/2021, Det. Headings negotiated a controlled substance transaction via text message, for a quarter pound of methamphetamine and 50 counterfeit fentanyl pills, in exchange for $2,100.00.  At about 1005, a silver or tan Cadillac arrived at QuikTrip, 324 S West St, Wichita, Sedgwick County, Kansas, and parked in the stall to the north end of the lot. Det. Headings arrived at QuikTrip, 324 S West St, Wichita, Sedgwick County, Kansas, exited his vehicle and entered

the passenger seat of the Cadillac. Det. Headings was able to positively identify the driver as DUNCAN. DUNCAN handed Det. Headings a cloth Crown Royal bag that contained a clear bag of approximately 50 blue pills and a clear bag that contained approximately 1/4lb of methamphetamine. Det. Headings provided DUNCAN $2,100.00 of U.S. Currency for controlled substances. OGUNBIYI arrived at QuikTrip, 324 S West St, Wichita, Sedgwick County, Kansas, around 1005 hours and parked in a stall south of DUNCAN. It appeared that he met with another black in color SUV and observed the transaction with Det. Headings.  Det. Headings received positive results for the suspected narcotics after testing with TruNarc.

### Sedgwick County Sheriff / 21S000453  /  01/15/2021  /  Controlled Buy

18.      On or about, 01/15/2021, at approximately 1400 hours, Det. Headings sent DUNCAN a text message at 316-553-9854, requesting the purchase of controlled substances.  DUNCAN agreed to 1/4 lb. of Methamphetamine and 100 counterfeit M30 pills that are suspected to contain fentanyl for $2,600.00 of US Currency. DUNCAN requested to meet at Dillon's. The address is 640 N West St, Wichita, Sedgwick County, KS. DUNCAN indicated that she was employed as a security guard at the grocer.

At approximately 1603 hours, Detectives arrived in the area and spotted DUNCAN's tan Cadillac. Det. Headings arrived at approximately 1604 hours.  Thereafter, DUNCAN entered Det. Heading's vehicle. She was holding a torn diaper bag that contained approximately 1/4 lb of methamphetamine in a clear sandwich bag that was not tied or sealed and a tied off sandwich bag containing what appeared to be approximately 100 counterfeit M30 blue pills. Det. Headings provided DUNCAN $2,600.00 in US Currency. DUNCAN then engaged Det. Headings in a discussion about her "guy" being concerned he was a "fed."

On or about 01/20/2021, Det. Headings had the methamphetamine tested with the TruNarc, resulting in positive confirmation.

### Sedgwick County Sheriff / 21S000576 / 01/19/2021 / Controlled Buy

19.     On or about 01/19/2021, Det. Headings sent a text message to DUNCAN at 316-553-9854 to arrange a controlled purchase of narcotics.  Around 1746 hours, DUNCAN is witnessed pulling into her driveway. DUNCAN went inside briefly and then departed to Dillon's. Around 1811 hours, she replied "At work." Around 1815 hours, Det. Headings sent the text, "Oh can u do 100 30s or tomorrow better." This is an inquiry as to if she can sell 100 counterfeit pills containing fentanyl. At 1827 hours, she replied, "Yes I can." At approximately 1833 hours, Det. Headings sent, "Hey like 30 min?" At 1834 hours, Det. Headings observed a red convertible Camaro arrive at 141 S Custer, Wichita, Sedgwick County, KS. A black male who appeared to be OGUNBIYI, wearing all black clothes and a black hat, went inside. At approximately. 1836 hours, OGUNBIYI exited his house with what appeared to be a clear sandwich bag tied off with a long tail coming from his right hand as he walked back to the Camaro. Around 1839 hours, DUNCAN replied, "Yes come to dillons." OGUNBIYI arrived at Dillon's and parked next to DUNCAN's Cadillac at about 1839 hours. DUNCAN engaged OGUNBIYI's at his car. Det. Headings believed that OGUNBIYI and DUNCAN were using their cell phones to communicate and facilitate the pending controlled substance transaction. At 1843 hours, Det. Headings text, "Bet. Ill be about 30. Ill get at u." Around 1844 hours, she replied, "Ok." Around 1903 hours. Det. Headings text, "Tryna hurry. Bout 10 min. Gonna b late getn my kids." Shortly after, Detectives witnessed OGUNBIYI leave Dillon's. Thereafter, Det. Headings saw DUNCAN walking from the front area of Dillon's towards his vehicle. DUNCAN entered Det. Headings' vehicle and delivered a clear plastic sandwich bag tied off with a long tail, just as was seen in BAMBI's hand at 141 S Custer as he left the residence. The bag appeared to

contain the 100 blue counterfeit fentanyl pills with the improper "M" imprint on them. Det. Headings provided DUNCAN $1,000.00 in U.S. Currency.

### Sedgwick County Sheriff / 21S000638   /   01/21/2021   /   OGUNBIYI Arrest

20.     On or about 01/21/2021, around 1916 hours, OGUNBIYI was stopped at 200 S St Paul, Wichita, Sedgwick County, KS. OGUNBIYI was driving the aforementioned Cadillac XTS. OGUNBIYI was the sole occupant. A loaded 9MM handgun was recovered near OGUNBIYI. Moreover, OGUNBIYI possessed a round of ammunition in his pocket matching the ammo from the loaded pistol.  OGUNBIYI is a convicted felon. OGUNBIYI was previously convicted for criminal possession of weapon by felon on January 31, 2020 under Sedgwick County Court case number 2019CR000414. During the incident, law enforcement observed Oxycodone pills in an unlabeled bottle in plain view. OGUNBIYI possessed approximately $882.24 in U.S. Currency of suspected drug proceeds. OGUNBIYI did not possess a valid driver's license during the incident. OGUNBIYI possessed a cellular telephone that was seized during the incident.  Det. Headings authored a search warrant for the device; however, it has not been accessed yet, due to Apple encryption and security.

### Sedgwick County Sheriff / 21S000596   /   01/21/2021   /   Search Warrant of Residence

21.     On or about 01/21/2021, at approximately 1909 hours, a search warrant from the 18th Judicial District was executed at the residence occupied by OGUNBIYI and DUNCAN. The residence is located at 141 S Custer, Wichita, Sedgwick County, KS. A loaded 9mm handgun was located on top of a microwave in the Kitchen. A Ruger 5.56mm rifle was propped up next to the stairs leading to the basement and was loaded. A continued search of the residence led to the seizure of 452 grams of suspected methamphetamine, located in an unsecured tub on the floor of master bedroom. 53 counterfeit OxyContin pills suspected of containing fentanyl were also

recovered with packaging materials and scales in the residence. Ammunition was recovered in various locations throughout the master bedroom. Indicia for both DUNCAN and OGUNBIYI was discovered within the master bedroom.

**Sedgwick County Sheriff / Search Warrant for "Communications" on DUNCAN's cell phone / 01/28/2021**

22.     DUNCAN used the same cell phone number throughout the Sheriff's investigation. The phone was seized by the Sedgwick County Sheriff's Office and identified as a black Samsung cell phone with serial number R9AN707BCLJ. A search warrant for the cellular device was obtained by Det. Headings. The warrant was signed by the Honorable Judge Syrios in the 18th Judicial District on 01/28/2021 at 1034 hours. The warrant and the device were provided to Detective Noel for a forensic extraction.

23.     Det. Headings located a communication to a contact in the phone under the name of "DADDY," including other special characters, with a number of 573-337-0698. The text exchange occurred on 10/31/2020. This contact on the phone depicted a picture of OGUNBIYI on it. This is a known phone number for OGUNBIYI. OGUNBIYI and DUNCAN were in a dating relationship and have subsequently conveyed marriage through social media. Content on the device indicates a romantic relationship between the couple.

24.     In an instant message conversation with "DADDY," DUNCAN engages in dialogue regarding "work" affixed to a photograph of what appears to be packaged meth. The download indicates the photograph of suspected methamphetamine is sent from OGUNBIYI to DUNCAN. In the conversation, OGUNBIYI is upset that DUNCAN has taken some of his "work" a.k.a. meth. The duo also discusses another unidentified product that DUNCAN has taken from OGUNBIYI and is selling for "600." "Work" is a common name used for

methamphetamine/narcotics and Det. Headings had used this word "work" to order methamphetamine from DUNCAN.

25.     On or about 5/26/21, your Affiant transferred OGUNBIYI to the United States Marshall Service (USMS) for an initial appearance before a United States Magistrate Judge.  While asking identifying information for the USMS and the Federal DNA Database, OGUNBIYI provided a contact number.  The number was documented as (573) 337-0699.  Your Affiant is familiar with individuals providing one or two digits off an accurate identifier.  Your Affiant has reviewed numerous criminal histories where the encountered suspect provides an inaccurate number when listing a date of birth, social and or telephone number, amongst other identifiers.  The number provided on this date was one digit off the number identified by Det. Headings for OGUNBIYI.

### Sedgwick County Sheriff / 5/25/21 / OGUNBIYI Federal Arrest

26.     On 5/25/21, ATF Special Agent Brett Watterson and personnel from the Sedgwick County Sheriff's Office located and arrested OGUNBIYI for an outstanding arrest warrant.  When encountered OGUNBIYI was a passenger in a vehicle driven by his son.  A cellular device and approximately $3,859 in U.S. Currency were seized from OGUNBIYI as a result of the detention.  On 5/26/21, a K9 trained to detect the presence of narcotics odor was utilized to assess the currency seized from OGUNBIYI. Viktor, a Sedgwick County Sheriff's Department K9 positively alerted during a controlled test.  The results indicated that the K9 smelled narcotics on the seized U.S. Currency.

## CONCLUSION

27.     Based on my training and experience. consultation with other experience investigators, and other sources of information. I know the following regarding persons engaged in drug trafficking (hereinafter "traffickers"):

A.      That traffickers will often have other members of the organization purchase or otherwise obtain items such as cellular telephones and then use the items communally; sometimes trading cellular telephones to avoid detection by law enforcement;

B.      That traffickers often maintain extensive contact with individuals from whom they receive and/or to whom they distribute drugs and that, in order to do this effectively, these persons typically maintain access to telephone communication;

C.      That traffickers frequently use cellular telephones to communicate verbally. textually and via social media to communicate various types of information with organization members, such as: (a) telephone numbers of co-conspirators; (b) the identities of co-conspirators involved in drug trafficking; (c) locations of meetings with co-conspirators; (d) prices and quantities of controlled substances; and (e) alerts or warnings of the presence of law enforcement;

D.      That traffickers sometimes maintain within their phones digital or electronic information regarding amounts of drugs sold and "fronted"; monies owed; profits and their disposition; associates' names, phone numbers and telephone pager codes and that these records may include, but are not

limited to, receipts, notes, ledgers, and other documents related to the transportation, ordering, sale, manufacture and distribution of controlled substances;

E.      That traffickers and persons illegally in possession of firearms occasionally take, or cause to be taken, photographs or videos of themselves, their co-conspirators, their associates, their property, their illegal activities, and their contraband.

28.     Based on the foregoing, I believe there is probable cause to believe that items, which constitute the fruits, instrumentalities, and evidence of possession with intent to distribute and distribution of a controlled substance in violation 21 U.S.C. § 841(a)(1) will be found in the aforementioned electronic device.

Brett T. Watterson
ATF Special Agent

Attested to by the Affiant, in accordance with the requirements of Fed. R. Crim. P. 41(d)(3), by telephone or other reliable electronic means, to wit: telephone conferencing on July 14, 2021.

HONORABLE KENNETH G. GALE
UNITED STATES MAGISTRATE JUDGE

13

ATTACHMENT A

A. The property to be searched is a cellular phone. Specifically, a black T-Mobile cellular device. Including any SIM card or other removable memory, if applicable. The cellular device was seized from Bambidele OGUNBIYI on or about May 25, 2021, while being detained for an outstanding arrest warrant. The device is black in color and has a red button on one side. The device was seized with a black case. The number sequence "IMEI 015734002814926" appear on the back side of the device. This device is currently in ATF custody.



ATTACHMENT B

A.   All digital or electronic information stored inside the cellular telephones would reveal evidence of drug trafficking, including, but not limited to, any and all names and/or aliases, addresses, telephone numbers, stored images, and/or other information, which identifies possible associates and/or co-conspirators;

B.   All digital or electronic information stored inside the cellular telephones would reveal evidence of drug trafficking, including, but not limited to, any and all names and/or aliases, addresses, telephone numbers, dates of calls, times of calls, and/or duration of calls, which identifies calls made to and/or from;

C.   All digital or electronic information stored inside the cellular telephones would reveal evidence of drug trafficking, including but not limited to, any and all stored voice mail, text messages, and/or e-mails;

D.   All digital or electronic information stored inside the cellular telephone would reveal evidence of drug trafficking, including, but not limited to, any and all stored images, photos, videos, and pictures;

E.   All digital or electronic information stored inside the cellular telephone would constitute indicia of ownership and/or use of such devices.